**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

Civil Case Number: _____

| | |
|---|---|
| Christopher Chaleman, | : |
| Plaintiff, | : |
| vs. | : |
| Hunter Warfield, Inc., | : |
| Defendant. | : |

**COMPLAINT**

For this Complaint, the Plaintiff, Christopher Chaleman, by undersigned counsel, states as follows:

**JURISDICTION**

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §§ 559.55-559.785 ("FCCPA"), and the Telephone Consumer Protection Act 47 U.S.C. § 227, *et seq.* (the "TCPA") in its illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Christopher Chaleman ("Plaintiff"), is an adult individual residing in Lakeland, Florida, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and 559.55(2), and is a "person" as defined by 47 U.S.C. § 153(39).

5. The Defendant, Hunter Warfield, Inc. ("HWI"), is a Maryland business entity with an address of 96931 Arlington Road, Suite 400, Bethesda, Maryland 20814, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6) and is a "creditor" as defined in 559.55(3), and is a "person" as defined by 47 U.S.C. § 153(39).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

6. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

7. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8. The Debt was purchased, assigned or transferred to HWI for collection, or HWI was employed by the Creditor to collect the Debt.

9. HWI attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. HWI Engaged in Harassment and Abusive Tactics

10. Within the last year, HWI began calling Plaintiff's cellular telephone, number 941-xxx-7593, in an attempt to collect the Debt.

11. HWI placed calls to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS").

12. When Plaintiff answered calls from HWI, he heard silence and had to wait on the line to be connected to the next available representative.

13. On or about September 11, 2019, Plaintiff spoke with a live representative and informed HWI it did not have Plaintiff's consent to place automated calls to him and requested HWI cease placing any further calls to him.

14. Nevertheless, HWI continued to place automated calls to Plaintiff's cellular telephone number at an excessive and harassing rate.

### C. **Plaintiff Suffered Actual Damages**

15. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

16. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

17. The Plaintiff incorporates by reference Paragraphs 1 through 16 of this Complaint as though fully stated herein.

18. The Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

19. The Defendant's conduct violated 15 U.S.C. § 1692d(5) in that Defendant caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

20. The Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant used false, deceptive, or misleading representation or means in connection with the collection of a debt.

21. The Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed false and deceptive means to collect a debt.

22. The Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

23. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

24. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II

### VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT, FLA. STAT. §§ 559.55-559.785

25. The Plaintiff incorporates by reference Paragraphs 1 through 16 of this Complaint as though fully stated herein.

26. The Defendant willfully communicated with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engaged in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family, in violation of the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72(7).

27. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT III

## VIOLATIONS OF THE TCPA – 47 U.S.C. § 227, *et. seq*

28. The Plaintiff incorporates by reference Paragraphs 1 through 16 of this Complaint as though fully stated herein.

29. At all times mentioned herein, Defendant called Plaintiff's cellular telephone number using an ATDS or predictive dialer.

30. Defendant's telephone system(s) have some earmarks of a predictive dialer.

31. When Plaintiff answered calls from Defendant, Plaintiff heard silence before Defendant's telephone system would connect him to the next available representative.

32. Defendant's predictive dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

33. Defendant placed automated calls to Plaintiff's cellular telephone number despite knowing that it lacked consent to do so. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

34. The telephone number called by Defendant was and is assigned to a cellular telephone service for which Plaintiff incurs charges pursuant to 47 U.S.C. § 227(b)(1).

35. Plaintiff was annoyed, harassed and inconvenienced by Defendant's continued calls.

36. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

37. Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

38. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and Fla. Stat.§ 559.77;

2. Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A), Fla. Stat.§ 559.77, and 47 U.S.C. § 227(b)(3)(B);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and Fla. Stat. § 559.77;

4. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

5. Punitive damages pursuant to Fla. Stat. § 559.77; and

6. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: October 9, 2019

                                         Respectfully submitted,

By    */s/ Matthew Fornaro*

            Matthew Fornaro, Esq.
            Florida Bar No. 0650641
            Matthew Fornaro, P.A.
            11555 Heron Bay Boulevard, Suite 200
            Coral Springs, FL 33076
            Telephone: (954) 324-3651
            Facsimile: (954) 248-2099

       E-mail: mfornaro@fornarolegal.com

       Lemberg Law, LLC
       43 Danbury Road, 3rd Floor
       Wilton, CT 06897
       Telephone: (203) 653-2250
       Facsimile:  (203) 653-3424